United States Courts
Southern District of Texas
FILED
*January 10, 2025*
Nathan Ochsner, Clerk of Court

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| BARRY WILLIAMS,<br><br>Plaintiff,<br><br>v.<br><br>RAPTOR TECHNOLOGIES, LLC,<br><br>Defendant, | Civil Action No: 4:23-cv-4234<br><br>**AMENDED COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

NOW COMES, Plaintiff BARRY WILLIAMS ("Plaintiff") by and through his attorneys, JAFFER & ASSOCIATES, PLLC, and files this *Amended Complaint* against Defendant RAPTOR TECHNOLOGIES, LLC, ("Raptor" or "Defendant"), and alleges, upon information and belief, the following:

**PRELIMINARY STATEMENT**

1. This is an action for actual damages, statutory damages, punitive damages, costs, and attorneys' fees pursuant to 15 USC §1681 *et seq.* the Fair Credit Reporting Act ("FCRA").

**JURISDICTION AND VENUE**

2. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331, 1334, and 15 U.S.C. § 1681p, which allows claims under the FCRA to be brought in any appropriate court of competent jurisdiction.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391b(1), 28 U.S.C. § 1391b(2), and 28 U.S.C. § 1391b(3).

## PARTIES AND SERVICE

**Plaintiff Barry Williams**

4. Plaintiff is a resident of Tarrant County, Texas.

5. At all times material hereto, Plaintiff is a "Consumer," as defined by 15 U.S.C. § 1681a(c).

**Defendant Raptor Technologies, LLC**

6. Defendant Raptor is a "Consumer Reporting Agency" as defined by 15 U.S.C. § 1681a(f). Raptor has its headquarters in Harris County, Texas at 2900 N Loop W Suite 900, Houston, Texas 77092. Defendant may be served with process upon CT CORPORATION SYSTEM, its registered agent for service of process, at 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

7. At all times material hereto, Defendant is a Consumer Reporting Agency who regularly engages in interstate commerce by and through the business of assembling, evaluating, and disbursing information concerning consumers for the purposes of furnishing consumer reports to third parties as said term is defined under 15 U.S.C. § 1681d.

8. Among other things, Defendant sells background checks to employers for the use of deciding whether to offer employment to prospective employees or to take adverse action such as termination, failure to hire, or failure to promote. These reports are provided in connection with a business transaction initiated by the employer.

## FACTUAL ALLEGATIONS

9. Prior to October 2023, Plaintiff worked as a substitute teacher in different schools.

**The First Incident**

10. On or about October 26, 2023, Plaintiff was dispatched to work at IDEA Public Charter Schools ("IDEA").

11. Upon arrival, IDEA requested a local background check on Plaintiff from Defendant Raptor.

12. That same day, Defendant Raptor published its background check on Plaintiff (the "First Report") to IDEA.

13. In the First Report, Defendant Raptor falsely and erroneously published that Plaintiff was a registered sex offender in Wisconsin.

14. However, Defendant Raptor willfully or negligently included information for a different individual (the "Offender") with the same name and approximate age as Plaintiff on the First Report. See **Exhibit "B"**, a true and correct copy of the Wisconsin Department of Corrections Sex Offender Registry demonstrating the Offender's information containing the same name and approximate age as Plaintiff but shows a different individual pictured.

15. In the First Report, Defendant Raptor falsely and erroneously published Plaintiff's address as a Wisconsin address, despite Plaintiff being a resident of Tarrant County, Texas, and exhibiting this when Plaintiff produced his driver's license to the school that morning upon arrival. The address published on Raptor's First Report is the same listed for the Offender. See **Exhibit "A"** which displays the address reported by Raptor as allegedly belonging to Plaintiff, and **Exhibit "B"**, the Offender's information and photo as displayed by the Sex Offender Registry.

16. Plaintiff has never been listed on the Sex Offender Registry, nor has he ever been a sex offender.

17. The address listed on the Offender's information within the First Report which Raptor asserted belonged to Plaintiff is the same address listed for the Offender on the Wisconsin Department of Corrections Sex Offender Registry. See **Exhibit "A"** and **Exhibit "B"**.

18. Plaintiff does not currently, nor has he ever resided in Milwaukee, Wisconsin.

19. Upon receiving the First Report Raptor published on Plaintiff, IDEA staff immediately escorted him from campus and barred him from working there.

20. Raptor inflicted emotional distress, humiliation, and reputational harm against Plaintiff, a lifelong educator.

**The Second Incident**

21. In or around the first week of November 2023, Plaintiff was dispatched to work at an Uplift Education school ("Uplift"').

22. Upon arrival, Uplift requested a local background check on Plaintiff from Defendant Raptor.

23. That same day, Defendant Raptor published its background check on Plaintiff (the "Second Report") to Uplift. See **Exhibit "A"**, a true and correct copy of the Report published on Plaintiff by Raptor.

24. In the Second Report, which was virtually identical to the First Report, Defendant Raptor falsely and erroneously published that Plaintiff was listed on the Sex Offender Registry in Wisconsin.

25. However, Defendant Raptor willfully or negligently included information that once again belonged to the Offender including the same name and approximate age.

26. In the Second Report, Defendant Raptor falsely and erroneously published Plaintiff's address as a Wisconsin address despite Plaintiff being a resident of Tarrant County and exhibiting this when Plaintiff produced his driver's license to the school that morning upon arrival. The address published on Raptor's Second Report is the same listed for the Offender.

27. Plaintiff has never been listed on the Sex Offender Registry, nor has he ever been a sex offender.

28. The address listed on the Offender's information within the Second Report which Raptor asserted belonged to Plaintiff is the same address listed for the Offender on the Wisconsin

Department of Corrections Sex Offender Registry.

29.     Plaintiff does not currently, nor has he ever resided in Milwaukee, Wisconsin.

30.     Upon receiving the Second Report published on Plaintiff by Raptor, Plaintiff left Uplift, and ceased to receive job opportunities from them after this incident.

31.     Raptor inflicted emotional distress, humiliation, and reputational harm against Plaintiff, a lifelong educator.

**The Third Incident**

32.     In or around mid-to-late-November 2023, Plaintiff was dispatched to work at International Leadership of Texas Arlington K-8 school ("ILT").

33.     Upon Arrival, ILT requested a local background check on Plaintiff from Defendant Raptor.

34.     That same day, Defendant Raptor published its background check on Plaintiff (the "Third Report") to ILT.

35.     In the Third Report, which was virtually identical to the First and Second Reports, Defendant Raptor falsely and erroneously published that Plaintiff was listed on the Sex Offender Registry in Wisconsin.

36.     However, Defendant Raptor willfully or negligently included information that once again belonged to the Offender including the same name and approximate age.

37.     In the Third Report, Defendant Raptor falsely and erroneously published Plaintiff's address as a Wisconsin address despite Plaintiff being a resident of Tarrant County and exhibiting this when Plaintiff produced his driver's license to the school that morning upon arrival. The address published on Raptor's Third Report is the same listed for the Offender.

38.     Plaintiff has never been listed on the Sex Offender Registry, nor has he ever been a sex offender.

39. The address listed on the Offender's information within the Third Report which Raptor asserted belonged to Plaintiff is the same address listed for the Offender on the Wisconsin Department of Corrections Sex Offender Registry.

40. Plaintiff does not currently, nor has he ever resided in Milwaukee, Wisconsin.

41. Raptor inflicted emotional distress, humiliation, and reputational harm against Plaintiff, a lifelong educator.

**Defendant Raptor's Violations of 1681e(b)**

42. Defendant Raptor's erroneous publication of the First, Second, and Third Reports (collectively known as the "Reports") is objectively likely to mislead intended users of Plaintiff's background check reports.

43. Defendant Raptor's erroneous and false publication of Plaintiff being a sex offender on its Reports has objectively misled the schools and as a result the schools terminated Plaintiff's employment.

44. Defendant Raptor did not establish reasonable procedures to assure maximum accuracy in preparation of Plaintiff's Reports because Defendant Raptor published a consumer report relating to Plaintiff which contained false and erroneous labeling of Plaintiff as a sex offender.

45. Defendant Raptor did not follow reasonable procedures to assure maximum accuracy in preparation of Plaintiff's Reports because Defendant Raptor published consumer reports relating to Plaintiff which contained false and erroneous labeling of Plaintiff as a sex offender.

46. Defendant Raptor's failure to take adequate steps to verify information before Raptor included it in Plaintiff's consumer report background check and later published the Reports to users will continue to cause harm to Plaintiff.

47. Due to Defendant Raptor's negligent or willful failure to establish or follow reasonable

procedures to ensure maximum possible accuracy, Plaintiff continues to suffer a range of actual damages including, without limitation, fear of loss of employment opportunities; actual loss of employment opportunities; loss of wages and benefits; loss of time and money trying to correct his background check report; damage to his reputation; loss of sleep; lasting psychological damages; loss of capacity for enjoyment of life; defamation; and emotional distress including mental anguish, anxiety, fear, frustration, humiliation, and embarrassment.

48. Therefore, Defendant Raptor violated several provisions of the FCRA when they either willfully or negligently failed to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the Reports and failed to notify Plaintiff of potentially adverse information contained in the Reports.

## FIRST CAUSE OF ACTION
### Violation of the Fair Credit Reporting Act
### Negligent Violation of 15 U.S.C. § 1681e(b) as to Defendant Raptor

49. Plaintiff re-alleges and incorporates by reference all the allegations set forth in the precedent paragraphs as if fully stated at length herein.

50. This is an action for negligent violation of the FCRA 15 U.S.C. § 1681 *et seq.*

51. Defendant has negligently failed to comply with the FCRA. The failures of the Defendant to comply with the FCRA include but are not necessarily limited to the following:

   a. The failure to follow reasonable procedures to assure maximum accuracy of the information reported;

   b. The failure to correct erroneous personal information regarding the Plaintiff at after a reasonable request by Plaintiff;

   c. The failure to remove and/or correct the inaccurate and derogatory information after a reasonable request by Plaintiff;

    d. The failure to promptly and adequately investigate information which Defendant had notice was inaccurate;

    e. The continual placement of inaccurate information into the consumer report of the Plaintiff after being advised by Plaintiff that the information was inaccurate;

    f. The failure to note in the consumer report that Plaintiff disputed the accuracy of the information;

    g. The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Defendant to delete; and

    h. The failure to take adequate steps to verify the information Defendant had reason to believe was inaccurate before including it in the background check report of the consumer.

52. As a result of Defendant's negligent violations of the FCRA, Plaintiff has suffered a range of actual damages including, without limitation, loss of employment opportunities; loss of time and money trying to establish to the prospective employer that the criminal record was reported inaccurately; the expenditure of labor and effort to secure the court records and provide them to the prospective employer; damage to his reputation; loss of sleep; lasting psychological damage; loss of capacity for enjoyment of life; and emotional distress, including mental anguish, anxiety, fear, frustration, humiliation, and embarrassment.

53. Defendant violated 15 U.S.C. § 1681e(b) in that its conduct, actions and inaction were negligent, rendering them liable for actual damages, statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

54. Plaintiff is entitled to recover statutory damages, and reasonable attorneys' fees and costs from Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

## SECOND CAUSE OF ACTION
### Violation of the Fair Credit Reporting Act
### Willful Violation of 15 U.S.C. § 1681e(b) as to Defendant Raptor

55. Plaintiff re-alleges and incorporates by reference all the allegations set forth in the precedent paragraphs as if fully stated at length herein.

56. This is an action for willful violation of the FCRA 15 U.S.C. § 1681 *et seq.*

57. Defendant has willfully failed to comply with the FCRA. The failures of the Defendant to comply with the FCRA include but are not necessarily limited to the following:

   a. The failure to follow reasonable procedures to assure maximum accuracy of the information reported;

   b. The failure to correct erroneous personal information regarding the Plaintiff at after a reasonable request by Plaintiff;

   c. The failure to remove and/or correct the inaccurate and derogatory information after a reasonable request by Plaintiff;

   d. The failure to promptly and adequately investigate information which First Advantage had notice was inaccurate;

   e. The continual placement of inaccurate information into the consumer report of the Plaintiff after being advised by Plaintiff that the information was inaccurate;

   f. The failure to note in the consumer report that Plaintiff disputed the accuracy of the information;

    g. The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Defendant to delete; and

    h. The failure to take adequate steps to verify the information Defendant had reason to believe was inaccurate before including it in the background check report of the consumer.

58. As a result of Defendant's willful violations of the FCRA, Plaintiff has suffered a range of actual damages including, without limitation, loss of employment opportunities; loss of time and money trying to establish to the prospective employer that the criminal record was reported inaccurately; the expenditure of labor and effort to secure the court records and provide them to the prospective employer; damage to his reputation; loss of sleep; lasting psychological damage; loss of capacity for enjoyment of life; and emotional distress, including mental anguish, anxiety, fear, frustration, humiliation, and embarrassment.

59. Defendant violated 15 U.S.C. § 1681e(b) in that its conduct, actions and inaction were willful, rendering them liable for actual damages, statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

60. Plaintiff is entitled to recover statutory damages, and reasonable attorneys' fees and costs from Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

## DEMAND FOR A TRIAL BY JURY

61. Plaintiff requests a jury trial on all issues and counts so triable, pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff seeks judgment against Defendant as follows:

1. Awarding Plaintiff actual damages provided and pursuant to 15 U.S.C. § 1681o from Defendant Raptor;

2. Awarding Plaintiff statutory damages provided and pursuant to 15 U.S.C. § 1681n from Defendant Raptor;

3. Awarding Plaintiff punitive damages provided and pursuant to 15 U.S.C. § 1681n from Defendant Raptor; and

4. Awarding Plaintiff any such other and further relief, as well as further costs, expenses, and disbursements of this action as this Court may deem just and proper.

DATED: June 27, 2024                                       Respectfully Submitted,

**JAFFER & ASSOCIATES PLLC**

*/s/ Stephen Jones*
**Stephen Jones**
State Bar No. 24094760
**Shawn Jaffer**
State Bar No. 24107817
5757 Alpha Road, Suite 580
Dallas, Texas, 75240
Phone: (214) 945-0000
Fax:    (888) 509- 3910
E-mail: stephen@jaffer.law
***Attorneys for Plaintiff***