United States District Court
Southern District of Texas
**ENTERED**
June 04, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| BARRY WILLIAMS, *Plaintiff*, v. RAPTOR TECHNOLOGIES, LLC, *Defendant*. | § § § § § § § § § § § CIVIL ACTION NO. 4:23-cv-4234 |

## ORDER

Pending before the Court is Defendant Raptor Technologies, LLC's ("Defendant" or "Raptor") Motion for Summary Judgment. (Doc. No. 24). Plaintiff Barry Williams ("Plaintiff" or "Williams") responded in opposition (Doc. No. 27) and Raptor replied (Doc. No. 30). After considering the Motion, the response, the reply, the evidence, and the applicable law, the Court GRANTS Raptor's Motion for Summary Judgment. (Doc. No. 24).

### I.   Background

This is a dispute arising under the Fair Credit Reporting Act. Plaintiff is a substitute teacher that primarily works in the Dallas-Fort Worth area of Texas. (Doc. No. 29 at 2). Raptor is a technology company that developed the VisitorSafe Visitor Management System ("VisitorSafe") that screens individuals that enter primary and secondary schools. (Doc. No. 24 at 8–9); (Doc. No. 24-4 at 2). Upon a visitor's arrival, school personnel scan the visitor's identification into VisitorSafe. (Doc. No. 24-4 at 3). VisitorSafe uses the information from the visitor's identification to search data compiled by a company called Family Watchdog. (*Id.*). Family Watchdog compiles available data from each state's publicly available sex offender registry. (*Id.*). VisitorSafe reports any potential match to the school official. (*Id.*).

Williams alleges that, on three occasions at separate schools, Raptor "falsely and erroneously published that Plaintiff was listed on the Sex Offender Registry in Wisconsin." (Doc. No. 29). On one of these occasions, Plaintiff alleges that the school's staff escorted Plaintiff from the campus.

The parties agree that Plaintiff is not a registered sex offender. VisitorSafe, however, displayed information for an individual who is listed as a sex offender in Wisconsin when the staff member scanned Plaintiff's identification. (Doc. No. 24-6). The offender's information is displayed in a column under the heading "offender" that appears side-by-side with Plaintiff's information, which is listed in a column titled "visitor." (*Id.*). The offender's information shows that he has the same first name, last name, age, gender, and race as Plaintiff. (*Id.*). The screenshot of the report proffered by Plaintiff contains no image of the Wisconsin offender that would allow the school official to visually determine if Plaintiff was the listed offender. (Doc. No. 27-2).[1] The report also listed that the offender was 6'2" tall and weighed 249 pounds. (Doc. No. 24-6). Plaintiff does not provide any information about his own height or weight, only that "Plaintiff has a much slimmer build, while the offender appears much stockier." (Doc. No. 27 at 4). Lastly, the screenshot shows that the offender's listed aliases include "Barry Williams," and "Barry Tyrone Williams." (Doc. No. 24-6). Plaintiff's middle name is listed as "Glynn." (*Id.*).

Shortly after the third incident, Plaintiff brought suit against Raptor. Plaintiff alleges that Raptor negligently or willfully violated 15 U.S.C. § 1681e(b). Williams seeks actual and punitive damages for these alleged violations. Raptor, of course, denies that it violated this section of the Fair Credit Reporting Act ("FCRA"). Alternatively, it argues that, even if the Court finds that it

---

[1] Defendant contends that a photo of the offender was not available on the Wisconsin sex offender database at the time of the alleged incidents. (Doc. No. 24-2 at 9).

did violate the FCRA, it did not do so negligently or willfully. Defendant now seeks summary judgment on both of Plaintiff's claims.

## II.    Legal Standard

Summary judgment is warranted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "The movant bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact." *Triple Tee Golf, Inc. v. Nike, Inc.*, 485 F.3d 253, 261 (5th Cir. 2007) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–25 (1986)).

Once a movant submits a properly supported motion, the burden shifts to the non-movant to show that the court should not grant the motion. *Celotex*, 477 U.S. at 321–25. The non-movant then must provide specific facts showing that there is a genuine dispute. *Id.* at 324; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A dispute about a material fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The Court must draw all reasonable inferences in the light most favorable to the nonmoving party in deciding a summary judgment motion. *Id.* at 255. The key question on summary judgment is whether there is evidence raising an issue of material fact upon which a hypothetical, reasonable factfinder could find in favor of the nonmoving party. *Id.* at 248. It is the responsibility of the parties to specifically point the Court to the pertinent evidence, and its location, in the record that the party thinks are relevant. *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003). It is not the duty of the Court to search the record for evidence that might establish an issue of material fact. *Id.*

## III.    Analysis

The section of the FCRA at issue states that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible

3

accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).[2] In order to establish a prima facie case under § 1681e(b), a consumer must initially produce some evidence of an inaccuracy in his credit report. *Washington v. CSC Credit Servs., Inc.*, 199 F.3d 263, 267 n.3 (5th Cir. 2000). "A credit entry may be 'inaccurate' within the meaning of the statute either because it is patently incorrect, or because it is misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions." *Sepulvado v. CSC Credit Servs., Inc.*, 158 F.3d 890, 895 (5th Cir. 1998) (citation omitted). Moreover, because the FCRA does not impose strict liability for inaccurate entries, "the plaintiff must show that the inaccuracy resulted from a negligent or willful failure to use reasonable procedures when the report was prepared." *Id.* at 896 (citation omitted).

William argues that the VisitorSafe report was inaccurate because Defendant, through the VisitorSafe software, "reported that Plaintiff was a sex offender" when he is not. (Doc. No. 27 at 4). As noted above, he brings two causes of action: one for negligent failure to use reasonable procedures when the report is prepared and the other for willful failure of the same. Raptor argues that the evidence demonstrates that, as a matter of law, no FCRA violation occurred. Alternatively, it argues that, even if Plaintiff can raise a genuine issue of material fact as to whether a violation occurred, he cannot show that the violation resulted from Defendant's negligent or willful failure to use reasonable procedures.

The Court finds that, as a matter of law, the VisitorSafe report was not patently incorrect or misleading. In his response, Plaintiff, whether intentionally or inadvertently, cropped the

---

[2] A "consumer report" includes any "written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's ... character, general reputation, [or] personal characteristics ... which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for ... employment purposes." 15 U.S.C. § 1681a. Thus, Raptor's communication of information bearing on a consumer's character or general reputation, such as sex offender status, for purposes of whether to allow Plaintiff to teach on a school's campus may constitute a consumer report as defined by the FCRA. Defendant does not dispute the FCRA's application, only whether it violated the Act.

4

screenshot of the VisitorSafe report such that the top and bottom of the report have been omitted.[3] *Compare* (Doc. No. 27-2) *with* (Doc. No. 24-6). The top of the report is titled "*Possible* Offender Alert." (Doc. No. 24-6) (emphasis added). Below that title, the system states that the school staff member should "confirm a match based on the information below," and provides buttons for the staff member to select "match" or "no match." (*Id.*). That alone suggests that the visitor may not be the offender. Moreover, the bottom of the screenshot also provides clarity. Not only is there a link that the school official can visit to get "more information" about the offender, the report includes a disclaimer. (*Id.*). The disclaimer states:

> Raptor Technologies LLC cannot guarantee the records you obtain through this site relate to the person about whom you are seeking information. Searches based on names, dates of birth, and other alphanumeric identifiers are not always definitive. The only way to definitively link someone to a criminal record is through fingerprint verification.

(*Id.*). Plaintiff's claim that Raptor "reported that Plaintiff was a sex offender" is not correct. The evidence clearly demonstrates that the report simply notifies the school staff member that there is a registered sex offender that shares the same name as the visitor. The software then allows the staff member to determine independently whether the listed offender is in fact the visitor. While the Court understands how it might be upsetting to have one's name associated with that of a sex offender, such a situation does not necessarily constitute a violation of the FCRA. The uncontroverted evidence demonstrates that the report was not patently incorrect or misleading. As such, Defendant did not violate § 1681e(b) as a matter of law. Raptor is, therefore, entitled to summary judgment.

---

[3] Plaintiff did not object to Defendant's use of the uncropped report as evidence and, in fact, cited to Defendant's exhibit in support of his arguments. *See, e.g.*, (Doc. No. 27 at 4) ("The Plaintiff's middle name is 'Glynn' and the offender's middle name is 'Tyronne.' (Dkt. #24-6, at 2)").

Even if the Court found that Plaintiff had raised a genuine issue of material fact as to whether Raptor violated the FCRA, he has not raised a genuine issue of material fact as to whether the alleged violation was due to Raptor's negligent or willful failure to use reasonable procedures. To establish a violation of § 1681e(b), Plaintiff must demonstrate that Raptor either negligently or willfully violated the statute. *Sepulvado*, 158 F.3d at 896. The parties agree that a "willful" violation is one that is done either knowingly or recklessly. *See Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 57–59 (2007). Plaintiff provides no evidence that Raptor negligently, knowingly, or recklessly violated the statute. Instead of citing evidence, Williams essentially makes two arguments. First, that, because "[i]t seems" that Raptor only matched the first and last names, the alleged violation must have been negligent, knowing, or reckless. (Doc. No. 27 at 6). Second, because Williams was allegedly injured by the violation, that shows that Raptor acted recklessly. (*Id.*). Plaintiff cites no evidence to support these circular contentions. Plaintiff, therefore, failed to raise a genuine issue of material fact as to whether the alleged violation was due to a negligent or willful failure to use reasonable procedures. As such, the Court must grant summary judgment in favor of Raptor.

## IV.   Conclusion

For the foregoing reasons, the Court GRANTS Defendant's Motion for Summary Judgment in its entirety. (Doc. No. 24). The Court will enter a take nothing final judgment in a separate order.

Signed at Houston, Texas, on this the 4th day of June 2025.

Andrew S. Hanen
United States District Judge